**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRANDON S. SMITHSON, | No. 07-36071 |
| Petitioner - Appellant, | D.C. No. CV-05-00467-JMST |
| v. | |
| GUY HALL, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, United States District Judge, Presiding

Submitted June 11, 2010[**]
Portland, Oregon

Before: THOMPSON and McKEOWN, Circuit Judges, and TIMLIN, Senior
District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Robert J. Timlin, United States District Judge for the
Central District of California, sitting by designation.

Brandon S. Smithson, an Oregon state prisoner, appeals the denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction by guilty plea and sentence to 320 months imprisonment for the rape, sodomy, sexual abuse, and attempted aggravated murder of two girls he was baby-sitting. Smithson argues that trial counsel rendered ineffective assistance by failing to attend or cancel his psychosexual evaluation when Smithson told him that he intended to make incriminating statements to the psychologist. We have jurisdiction under 28 U.S.C. § 1291 and § 2253 and affirm.

As an initial matter, the State argues that Smithson failed to exhaust his ineffective assistance claim and that it is now procedurally defaulted. We do not reach this issue, but resolve this case on the merits of Smithson's ineffective assistance claim. See 28 U.S.C. § 2254(b)(2).

The state post-conviction court's denial of Smithson's post-conviction petition was not "contrary to, or an unreasonable application of" the standard for effective assistance claims established in Strickland v. Washington, 466 U.S. 668 (1984). 28 U.S.C. § 2254(d)(1). As the district court found, trial counsel's advice that Smithson undergo the evaluation but not disclose to the psychologist or an attendant polygrapher any information regarding uncharged criminal conduct by him was not deficient. If Smithson had followed counsel's advice, he would have

received a sentence of no more than 275 months, even if the district attorney made no concession based on Smithson's plea. Had he received a favorable evaluation, he might have been able to negotiate a better plea offer. It was therefore entirely reasonable for counsel to advise Smithson to submit to the evaluation but withhold information regarding his other crimes. In addition, as the district court found, "[i]t was not counsel's advice that caused prejudice to [Smithson]; instead, it was petitioner's voluntary confession which occurred despite counsel's advice."

The attorney's decision not to cancel the evaluation was a strategy call, and not objectively deficient performance. See Strickland, 466 U.S. at 689 (requiring "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance"). And even assuming that counsel's failure to be present with Smithson at the evaluation was objectively unreasonable, his absence did not cause Smithson prejudice. As the district court found, given that Smithson's confession was voluntary, "[w]hether counsel's attendance at the psychosexual evaluation would have resulted in no confession is pure speculation."

**AFFIRMED.**